

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2004

# USA v. Goney

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3132

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Goney" (2004). *2004 Decisions.* Paper 695.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/695

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3132

UNITED STATES OF AMERICA

v.

ALVIN EUGENE GONEY,
a/k/a Shoddy Harris
a/k/a David Harris
a/k/a Albert Thomas,

Alvin Eugene Goney,
                                        Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 02-cr-00197 )
District Judge:  Honorable Alan N. Bloch

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 11, 2004
Before:  NYGAARD, McKEE and WEIS, Circuit Judges.
Filed May 18, 2004

_____

OPINION

WEIS, Circuit Judge.

After a jury convicted defendant of possession of a firearm by a convicted

felon in violation of 18 U.S.C. § 922(g)(1), he was sentenced to 210 months imprisonment. He raises three issues in this appeal.

## I.

Defendant contends that possession of a firearm that previously traveled in interstate commerce following its fabrication and distribution has no substantial relation to or affect on interstate commerce. Accordingly, he argues that Congress has no authority to criminalize his conduct.

Defendant concedes that this Court has previously held that the statute was constitutional, but he wishes to preserve the point in the event that the Supreme Court comes to a contrary conclusion. Because we are bound by our previous holdings in United States v. Coward, 296 F.3d 176, 183 (3d Cir. 2002) and United States v. Singletary, 268 F.3d 196, 200, 204-05 (3d Cir. 2001), we reject the defendant's argument and once again hold that the statute is constitutional.

## II.

Additionally, defendant complains that the District Court erred in refusing to admit the testimony of a fingerprint expert who would have testified that defendant made clear prints on various surfaces. Based on that fact, the expert would have opined that similar results on the gun itself were to be expected. However, he had not tested the defendant's ability to make prints on the gun itself. In view of that fact, the court stated that the testimony would be irrelevant and it was excluded. We find no error or abuse of

2

discretion in that ruling.

## III.

Finally, the defendant challenges the District Court's refusal to grant a downward departure because of his age and its use of his prior convictions in calculating both criminal history and offense level. The defendant's theory is that the use of prior convictions in both categories misrepresented his criminal history.

We find no error in the sentencing judge's conclusion that defendant was properly classified as an armed career criminal subject to an enhanced sentence. Nor do we find merit in the defendant's claim that he should have been granted a downward departure based on his 45 years of age. In any event, the judge stated that even if he had discretion to depart downward in this case, he would not do so.

Accordingly, we will affirm the Judgment of the District Court.